# AMERICAN CAR & FOUNDRY COMPANY *v.* KETTELHAKE.

ERROR TO ST. LOUIS COURT OF APPEALS, STATE OF MISSOURI.

No. 138.   Argued January 20, 1915.—Decided Febuary 23, 1915.

Where there is a joint cause of action against defendants resident of plaintiff's State and a non-resident defendant, in order to make the case removable as to the latter because of the dismissal as to the former, the discontinuance as to the resident defendants must have been the voluntary act of the plaintiff and have so taken the resident defendants out of the case as to leave the controversy one wholly between the plaintiff and the non-resident defendant.

Under the practice in Missouri, when the court has sustained demurrers by some of the defendants and allowed plaintiff to take an involun-

tary non-suit as against them with leave to set it aside, the case is not then ended as against those defendants, nor is it until after affirmance by the appellate court or the expiration of plaintiff's time to appeal; the controversy does not become one solely between the plaintiff and the other defendants, and even if the latter are nonresidents of plaintiff's State the case is not removable as to them. *Powers* v. *Chesapeake & Ohio Ry.*, 169 U. S. 92, distinguished.

171 Mo. App. 528, affirmed.

THE facts, which involve questions regarding removal from the state to the Federal court where the cause of action has been dismissed after trial as to all the defendants, resident of the same State as plaintiff, are stated in the opinion.

*Mr. William R. Gentry*, with whom *Mr. M. F. Watts* and *Mr. Edwin W. Lee* were on the brief, for plaintiff in error.

*Mr. George Safford* for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Agnes Kettelhake was the widow of one Frank Kettelhake, who had been in the employ of the American Car & Foundry Company (hereinafter called the Car Company) at Saint Louis, Missouri. She brought her action to recover for the negligent killing of Kettelhake by the movement of a certain train of cars operated by the Car Company in the yard adjacent to its plant whilst Kettelhake was working under an unfinished car. Her action was brought in the Circuit Court of the City of Saint Louis, and the Car Company, a New Jersey corporation, William W. Eilers and Quincy Martin, citizens of Missouri, as was the plaintiff, were made joint defendants. It is conceded that the action was properly brought jointly against the Car Company and the defendants Eilers and Martin. The negligence charged was in substance that the defend-

ants omitted to instruct and require their employés to so mark cars under and about which other employés were engaged in work that all persons would know whether employés were working under such cars; negligently omitted to notify Kettelhake that defendants were about to move the car under which he was working; negligently omitted to discover that Kettelhake was under and repairing the car; and negligently caused the wheels and trucks of the car under which he was working to run over him.

Answers were filed and issues joined, and the case was called for trial in the Circuit Court of the City of St. Louis; and at the close of the plaintiff's evidence each of the defendants requested the court to give in its behalf a peremptory instruction to find for the defendant. Under the Missouri practice such instructions are usually referred to as demurrers to the evidence. The court sustained the demurrer offered by the defendant Martin and that offered by the defendant Eilers, and overruled the demurrer offered by the defendant Car Company, to which action of the court in sustaining the demurrers offered by Martin and Eilers, plaintiff then and there excepted, and saved her exceptions at the time. Plaintiff asked leave to take an involuntary non-suit as to the defendants Eilers and Martin, with leave to move to set aside the same, and leave to take such non-suit was granted by the court and said involuntary non-suit with leave to move to set aside the same was taken; thereupon the defendant Car Company orally asked the court for time to prepare and file a petition and bond for removal from the state court to the Federal court, which time the court then and there granted. Before said petition for removal and bond were filed, the plaintiff, by leave of court, orally moved the court to set aside the involuntary non-suit which plaintiff had taken as to defendants Martin and Eilers, which motion was then and there overruled. Thereupon the

Car Company filed its petition for removal to the Federal
court and bond, which petition for removal was denied,
to which denial the Car Company then and there excepted.
At the same term, and within four days after the non-suits
as to defendants Martin and Eilers were taken, and during
the same term that the verdict and judgment were ren-
dered, plaintiff filed separate motions praying the court
to overrule the order theretofore made overruling plain-
tiff's motion to set aside said non-suits and reinstate the
cause, and praying the court to grant plaintiff a new trial
as to said defendants, which motions were overruled.
Thereafter plaintiff filed her application and prayed an
appeal as to the defendant Martin to the Supreme Court
of Missouri, which appeal by order of the court duly
entered of record was allowed, and it is conceded that the
matter appealed from is now pending in the Supreme
Court of Missouri, and, so far as it appears, is undecided.

A verdict was rendered in favor of the plaintiff against
the Car Company, and afterwards the case was taken to
the Supreme Court of Missouri, which court held that it
had no jurisdiction and that the exclusive jurisdiction
was in the St. Louis Circuit Court of Appeals, to which the
cause was transferred. That court passed upon other
questions to which it is not necessary to refer, and as to
the right of removal held that the case was not a removable
one. It is to that part of the judgment that this writ of
error is taken.

To sustain its contention the plaintiff in error relies upon
the case of *Powers* v. *Chesapeake & Ohio Railway*, 169
U. S. 92. In that case it appears that there were two
petitions for removal in a case in which an action was
brought against a non-resident railroad and two citizens
of the same state as the plaintiff. The case was first re-
moved to the Circuit Court of the United States, but
upon motion was remanded to the state court, the United
States court holding that there was no separable contro-

versy between the Railroad Company and the plaintiff. When the case was called for trial before a jury in the state court, the plaintiff discontinued his action against the individual defendants, and thereupon the Railroad Company filed a second petition for removal. That application was denied by the state court, but was granted by the Circuit Court of the United States, and the question was as to the propriety of the order of removal. It was held when the case was discontinued as to the defendants who were citizens of the same State with the plaintiff, the action became for the first time one against the Railroad Company alone, and therefore properly removable at that time.

In *Kansas City &c. Ry.* v. *Herman,* 187 U. S. 63, it was held that a case was not removable because the court had held that as to a resident defendant there was not sufficient evidence to warrant a verdict, and sustained a demurrer to the evidence. It was held that the ruling was on the merits and *in invitum,* and that there was nothing to show that the original joinder was in bad faith.

In *Fritzlen* v. *Boatmen's Bank,* 212 U. S. 364, the principle of the *Powers Case* was applied, and it was held that an application for removal under the circumstances there shown was within time under the ruling in the *Powers Case.*

In *Lathrop, Shea & Henwood Co.* v. *Interior Construction & Improvement Co.,* 215 U. S. 246, it was held that where the plaintiff insisted on the joint liability of the non-resident and resident defendants, the dismissal of the complaint on the merits as to the defendants who were citizens of the same State with the plaintiff did not make the case then removable, and did not prevent the plaintiff from taking a verdict against the defendants who might have removed the suit had they been sued alone or had there originally been a separable controversy as to them.

Taking these cases together, we think it fairly appears

from them that where there is a joint cause of action
against defendants resident of the same State with the
plaintiff and a non-resident defendant, it must appear
to make the case a removable one as to a non-resident
defendant because of dismissal as to resident defendants
that the discontinuance as to such defendants was volun-
tary on the part of the plaintiff, and that such action has
taken the resident defendants out of the case, so as to leave
a controversy wholly between the plaintiff and the non-
resident defendant. We do not think that situation is
shown by this record. In other words, as the St. Louis
Court of Appeals said, the resident defendants had not
"so completely disappeared from the case as to leave ·
the controversy one entirely between the plaintiff and a
non-resident corporation." The trial judge recognized
this when he overruled the motion to allow the petition
for removal. In this connection the judge said:

"Under the evidence in this case Martin is not liable
and in pursuance to that ruling you take a non-suit with
leave to move to set the same aside; so that in my opinion
he is still a party to the suit. Your motion to set aside
the non-suit might hereafter be granted, and then we
would have a section of the suit in the United States court
and a section here."

This conclusion seems to be in conformity with the
holdings of the Supreme Court of Missouri as to the effect
of such non-suit. In *Chouteau* v. *Rowse*, 90 Missouri, 191,
the Supreme Court of Missouri held that when a volun-
tary non-suit is taken the plaintiff abandons his suit and
it is ended; and from the judgment entered upon it there
is no appeal; but when a plaintiff is compelled, by the
adverse ruling of the court, to take an involuntary non-
suit with leave to move to set the same aside, with a view
not to abandon the prosecution of the suit, but to test
the correctness of the ruling by appeal, the appeal only
removes the cause from the Circuit Court to the appellate

court, and, when bond is given, the judgment for non-suit is superseded, and can only become operative and enforceable in the event of its being affirmed by the appellate court. It is only when so affirmed that a plaintiff, in contemplation of the statute of Missouri (R. S., § 3239) can be said to suffer a non-suit. The same practice was recognized in *Nivert* v. *Railroad*, 232 Missouri, 626, and in *Lewis* v. *Mining Co.*, 199 Missouri, 463, 468.

We have examined the cases from the Supreme Court of Missouri, relied upon by the plaintiff in error, and we find nothing in them to militate against the conclusion reached in circumstances like those now presented. The ruling of the court sustaining the demurrer to the evidence interposed by the resident defendants practically determined the question of their liability, and, under the Missouri practice, as we understand it, there was a right to take an involuntary non-suit with leave to move to set it aside, and when that motion was overruled there was a remedy by appeal to the Supreme Court of Missouri, as was done in the present case, and the order is not final until the appellate court passes upon it.

We cannot agree to the contention that upon this record, when the court had sustained the demurrers to the evidence as to Martin and Eilers and plaintiff took the non-suit, the case was so far terminated as between the plaintiff and the resident defendants as to leave a removable controversy wholly between the plaintiff and a non-resident corporation.

The element upon which the decision in the *Powers Case* depended,—the voluntary dismissal and consequent conclusion of the suit in the state court as to the resident defendants,—is not present in this case.

We think the Court of Appeals of the City of St. Louis correctly ruled that the case is not a removable one, and its judgment is

*Affirmed.*