DANFORTH v. PURE OIL CO. et al.

District Court, N. D. Oklahoma.    June 20, 1927.

No. 498.

Removal of causes ⊂⊃39—Action against non-resident corporation held not removable to federal court because demurrer testing sufficiency of evidence as respects resident defendant was sustained.

An action against a nonresident corporation, in which a resident individual was properly joined as defendant, was not removable to federal court because state court sustained demurrer testing sufficiency of evidence as to resident defendant, where plaintiff did not voluntarily *abandon action against resident defendant*, but excepted to ruling, and moved for new trial and vacation of order sustaining demurrer, and cause was still pending in state court.

At Law. Action by Mrs. Nora Danforth against the Pure Oil Company and another. On petition of the Pure Oil Company for a restraining order and for removal of the action from the state to the federal court. Denied.

F. E. Riddle, of Tulsa, Okl., for plaintiff.

A. F. Moss, Alvin Richards, and F. A. Calvert, all of Tulsa, Okl., for defendants.

KENNAMER, District Judge. The Pure Oil Company, a nonresident corporation, was joined as a defendant in an action instituted in the state district court by the plaintiff for the wrongful death of her husband while in the employ of the Pure Oil Company. Another employee of the defendant corporation, who was a resident of the state of Oklahoma was made a defendant, and charged jointly with the oil company with negligence resulting in the death of plaintiff's intestate. The cause was removed to this court by petition and bond, but was remanded to the state district court upon consideration of a motion to remand filed and presented by the plaintiff. The original petition for removal charged the fraudulent joining of the resident defendant for the purpose of defeating the jurisdiction of this court, but upon the hearing of the motion to remand there was a failure of proof for the establishment of the charge. The cause proceeded to trial in the state court, and upon conclusion of the introduction of evidence by plaintiff, and after the plaintiff had rested, demurrers were interposed by the defendants, testing the sufficiency of the evidence for the establishment of a case. The trial court sustained the demurrer for the defendant Baker, to which ruling the plaintiff excepted, but overruled the demurrer interposed on behalf of the defendant the Pure Oil Company. Plaintiff filed her motion for a new trial and to vacate the order sustaining the demurrer to the evidence as to the defendant Baker within time, and has in no manner abandoned her cause of action against this defendant, and the trial of the cause is still pending in the state court.

Upon the resting of plaintiff's case and the ruling of the court upon the demurrers, defendant obtained a stay of proceedings in the state court, and filed a petition for removal of the cause to this court, together with a bond and transcript of the record. A response to the petition for removal was filed by the plaintiff, denying the allegations of the removal petition, as well as responding in full to all the allegations therein contained. The Pure Oil Company has also presented an application for an order restraining the district court of Tulsa county, Okl., from proceeding in the trial of the cause, and from compelling this defendant to go forward in the defense of the action.

No voluntary abandonment by the plaintiff of her cause of action against the resident defendant Baker has been taken in the state court, but, on the contrary, the record discloses that she is still prosecuting the action against this defendant in every possible manner. It is well settled that a case was not removable because the court had held that as to the resident defendant there was not sufficient evidence to warrant a verdict, and sustained a demurrer to the evidence. American Car & Foundry Co. v. Agnes Kettelhake, 236 U. S. 311, 35 S. Ct. 355, 59 L. Ed. 594.

The authorities cited by the Pure Oil Company in support of its contention for the removal of the cause at this stage of the proceedings are considered by the United States Supreme Court in the American Car & Fdry. Co. v. Kettelhake Case, supra, and in my opinion this case is controlling of the questions presented. At page 356 of the opinion in 35 S. Ct. (236 U. S. 316), Mr. Justice Day, speaking for the court, said: "Where there is a joint cause of action against defendants resident of the same state with the plaintiff and a nonresident defendant, it must appear, to make the case a removable one as to a nonresident defendant, * * * that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant."

The application for restraining order and the petition for removal are denied.