HENLY et al. v. COMMUNITY NATURAL GAS CO. et al.

District Court, N. D. Texas, Dallas Division. February 29, 1928.

No. 3824.

1. Removal of causes ⬡107(4)—Evidence may be taken in federal court to show resident defendant was fraudulently joined to prevent removal.

Evidence may be taken in the United States court, at instance of nonresident defendant, to show that local resident was joined fraudulently for purpose of preventing removal of case to federal court.

2. Removal of causes ⬡39—Granting of motion for instructed verdict at instance of local defendant held not to render controversy removable as to nonresident codefendant.

Where joinder of resident defendant was not fraudulent, action of state court in instructing verdict in behalf of such local defendant did not warrant removal of cause to federal court at instance of nonresident codefendant, since plaintiff retained right to appeal, and cause would thus be separated; nonremovable controversy being converted into a removable one only by voluntary amendment of plaintiff's pleadings, or voluntary dismissal or nonsuit as to some of defendants.

At Law. Suit by Eula Henly and husband against the Community Natural Gas Company and others, commenced in the state court. After defendant named had filed an application to remove the suit to the federal court, the case was ordered remanded. On motion of defendant named to set aside the order to remand. Motion overruled.

Harry Lawther, of Dallas, Tex., for the motion.

Thompson & McWhirter, of Greenville, Tex., opposed.

ATWELL, District Judge. In the state district court the plaintiff sued a nonresident and two local citizens. The nonresident seasonably filed its application to remove. When the case reached this court, a motion to remand was granted. The case then went to trial in the state court, and, after the introduction of the testimony, motions by the defendants for an instructed verdict were granted; the one by the city of Greenville, one of the local defendants, on the ground that notice had not been given to it before instituting the suit, as required by the charter. Thereupon the Community Natural Gas Company again filed an application to remove. This court sustained the motion to remand. The present motion seeks to have the court set aside the order to remand.

The case of Powers v. Chesapeake & Ohio R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673, is emphasized. That case, as was said in American Car & Foundry Co. v. Kettelhake Co., 236 U. S. 316, 35 S. Ct. 355, 59 L. Ed. 594, which, in words, distinguished it, related to proceedings when the dismissal of the resident defendants was voluntary. "It must appear, to make the case a removable one as to a nonresident defendant because of dismissal as to resident defendants, that the discontinuance as to such defendants was voluntary on the part of the plaintiff."

[1, 2] The argument of counsel that a plaintiff could defeat the right of a nonresident to litigate in a national court by joining in bad faith local residents is answered by other provisions of the removal statute, which gives a nonresident the right to assert and show a separable controversy and a fraudulent joinder. Upon this issue evidence may be taken in the United States court. The mischief would be confusing, if that which is compelled to be done in a state court, with reference to a part of the defendants, and from which the loser has the right of appeal, could be advantaged by the nonresident by a removal of a part of the controversy to the national court. In such a case a part of the issue would be in the state courts and a part in the national court, 236 U. S. 316 (35 S. Ct. 355). Of course, this is unthinkable.

See, also, Great Northern R. Co. v. Alexander, 246 U. S. 281, 38 S. Ct. 237, 239 (62 L. Ed. 713), in which it is said: "It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant, or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff, or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant."

It follows that the case was properly remanded, and the present motion will be overruled.