98 F.Supp. 403 (1951)
CUDNEY
v.
MIDCONTINENT AIRLINES, Inc.
No. 7989(2).
United States District Court E. D. Missouri, E. D.
June 13, 1951.
*404 White & Hall, and Harry A. Hall, all of Kansas City, Mo., Coburn, Storckman & Croft, and Clem F. Storckman, all of St. Louis, Mo., for plaintiff.
Lashly, Lashly & Miller, and John H. Lashly, all of St. Louis, for defendant.
HULEN, District Judge.
This case, originating in the State Court, is for ruling on motion to remand.
Plaintiff was thrown from her seat and injured while being transported by plane of the corporate non-resident defendant, which was piloted by the individual resident defendant. The case was first filed in the State Court in Kansas City. Defendant has consistently taken the position that the pleading did not state a joint cause of action, there being a general allegation of negligence only, the principal could be liable and not the servant. The State Court in Kansas City sustained defendant's position. Plaintiff thereupon dismissed her case in Kansas City and refiled the same case in the State Court in St. Louis. On moton directed to the pleadings initially it was held by the State Court in St. Louis that a joint claim of liability was pled. The case went to trial. Plaintiff in effect proved her case as pled. At the conclusion of plaintiff's case the Court sustained a motion to dismiss as to the resident defendant on the ground of nonliability on plaintiff's charge and proof of general negligence. The defendant thereupon filed a motion to remove the case on the ground"That the charge of the plaintiff's petition was that of general negligence, and plaintiff relied upon the doctrine of proof known as res ipsa loquitur, and that no effort was made to prove negligence against said defendant Luckhurst and that his inclusion as a defendant was a *405 mere device and sham to prevent this defendant from exercising its statutory right of removal to the Federal Court on the ground of diversity of citizenship, and that said joinder in the circumstances was void and ineffective for the purpose of preventing removal."
During the hearing on motion to remand defendant expressly refrained from charging plaintiff with a fraudulent joinder, but based its position to sustain jurisdiction of this Court on a claim that plaintiff had made no effort to make a case against the resident defendant in the trial in the State Court, reiterating its position that an agent cannot be liable jointly with principal when recovery is sought on res ipsa loquitur. Plaintiff denied the charge of failure of effort to prove liability against the resident defendant. The only proof on this point is the State Court action in sustaining the motion to dismiss at the end of plaintiff's case. We cannot accept this action in and of itself as sustaining defendant's ground of removal. Plaintiff has a right of appeal from the State Court's action. Consequently the case is still not one of diversity.
The general rule is that right of removal will be decided by the pleadings. See cases 28 U.S.C.A. § 1441, page 206. If the complaint charged only a claim against a non-resident defendant we think the non-resident defendant had two courses open  either to move for a more definite charge as to acts of the resident defendant upon which liability was claimed, or to stand on the pleadings and its position that no claim was stated against the resident defendant and remove within twenty days and try the issue presented by the pleadings before this Court. See subparagraph (b) Section 1446, Title 28 U.S.C.A. The defendant did neither.
By going to trial in the State Court and awaiting a chance to move for dismissal as to the resident defendant on the merits of the case, as made by plaintiff's proof, and being successful on the motion, over plaintiff's protest, the non-resident defendant did not thereby acquire a right of removal. American Car & Foundry Company v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594; Lathrop Shea & Henwood Co. v. Interior Construction & Improvement Company, 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177; Henly v. Community Natural Gas Co., D.C.N.D.Tex. 24 F. 2d 252; Kincheloe v. Hopkins, D.C.N.D. Okl., 4 F.Supp. 196.
The presumption is against jurisdiction in this Court in every case. The party alleging jurisdiction of this Court must clearly establish it. If right of removal is in doubt jurisdiction of this Court should be denied. The trend of decisional law is to restrict and limit the jurisdiction of this Court on removal. American Fire and Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534. This case holds separable controversy is no longer a ground to remove. There must be "independent" causes of action under the statute as amended. See subparagraph (c), Section 1441, Title 28 U.S.C.A.
For the foregoing reasons this cause should be remanded to the Court from which it came.