Lloyd STRANDHOLM, by his Guardian ad Litem, Ingrid Strandholm, Plaintiff,

v.

GENERAL CONSTRUCTION COMPANY, a corporation, Defendant.

Civ. No. 63–394.

United States District Court
D. Oregon.

Oct. 1, 1963.

Philip A. Levin, Portland, Or., for plaintiff.

Robert P. Jones, Portland, Or., for defendant.

KILKENNY, District Judge.

I have for determination a legal problem, rather unique in nature, raised by plaintiff's motion to remand [1] to the Circuit Court of the State or Oregon for Multnomah County.

The action was originally commenced against five defendants, including defendants, James & Honey, individuals doing business as a partnership, who were citizens and residents of the State of Oregon. The cause proceeded to trial against said defendants in said Court, in which proceeding the jury returned a verdict in favor of defendants and against plaintiff on which Judgment was entered. Subsequently, plaintiff moved for a new trial, which motion was granted as to General Construction Company, but denied as to defendants, James & Honey. No appeal was taken from the Judgment in favor of James & Honey, but General took an appeal from the Judgment granting a new trial, naming the defendants, James & Honey, as respondents. On January 4, 1962, the Supreme Court of Oregon dismissed said cause as to defendants, James & Honey, and notice of that ruling was given to attorneys for General Construction Company by letter of the same date and received by said attorneys on January 5, 1962. Although the order of dismissal of the appeal as to defendants, James & Honey, was dated the 4th day of January, 1962, the mandate of the Supreme Court to the said Circuit Court did not reach the Clerk of the Circuit Court for filing until August 2, 1962.

The notice of removal, bond on removal and other necessary documents were filed in this Court on August 15, 1963.

■ (1) Attention is called to the fact that the removal from the case of the resident defendants, James & Honey, was not a voluntary act on the part of the plaintiff, but was by reason of the order of the Supreme Court of Oregon. Accordingly, the change in status being involuntary, the case is not removable. Moore's Federal Practice, 1(A), 2d Edition, pp. 1243–1244. American Car & Foundry Co. v. Kettlehake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594.

■ (2) There is another ground on which the motion to remand must be allowed. The action of the Supreme Court of Oregon in dismissing the appeal on January 4, 1962, was final. Aside from the presumption that defendant had notice of such order, the record shows that its attorneys received official notice of the dismissal from the Clerk of the Court on January 4, 1962. Therefore, defendant would fall within the provisions of 28 U.S.C. § 1446(b) and, if so inclined, should have filed its petition for removal within twenty days from that date. The fact that the mandate of the Supreme Court did not reach the Circuit Court for filing until August 2nd and was not spread on the records of that Court until August 12th is, in my opinion, of no importance. After filing of the notice of appeal the Supreme Court had full and complete jurisdiction and it was its order of dismissal, rather than that of the Circuit Court, which removed James & Honey from the case.[2] The

1. 28 U.S.C. § 1447(c).

2. ORS 19.033.

**14**

remittance of the mandate by the Clerk of the Supreme Court to the Clerk of the Circuit Court was a mere clerical formality.

The Motion to Remand must be allowed.

It is so ordered.