SQUIBB-MATHIESON INTERNATIONAL CORPORATION and Olin Mathieson Chemical Corporation, Plaintiffs,

v.

ST. PAUL MERCURY INSURANCE COMPANY, Defendant.

United States District Court
S. D. New York.
Feb. 12, 1965.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiffs; John Logan O'Donnell, New York City, of counsel.

Doman, Dunn & Zuckerman, New York City, for defendant; James F. Dunn, New York City, of counsel.

METZNER, District Judge.

This is a motion pursuant to 28 U.S.C. § 1447(c), to remand an action removed to this court from the supreme court of New York. The facts are not in dispute.

Plaintiffs, Squibb-Mathieson International Corp. and Olin Mathieson Chemical Corp., brought suit in the state court against defendants St. Paul Mercury Insurance Co. and F. Arthur Mayes as president of American Foreign Insurance Association.

Squibb-Mathieson International Corp. is organized under the laws of Panama and has its principal place of business there. Plaintiff Olin Mathieson Chemical Corp. is a Virginia corporation with its principal offices located in New York. Defendant St. Paul is organized under the laws of Minnesota and has its principal offices there. The co-defendant is an admitted resident of New York. Thus there was lack of complete diversity necessary to sustain federal jurisdiction. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

On October 14, 1964 the co-defendant made a motion to dismiss the complaint as against him, which was granted, and an order was signed on December 9, 1964 to that effect. With the dismissal of the action against the co-defendant complete diversity existed between the remaining parties. On December 24, 1964, the defendant, St. Paul, filed its petition for removal of the action to this court. Plaintiffs seek remand to the state court on the grounds that St. Paul

did not comply with the time requirements for removal as established by 28 U.S.C. § 1446(b), and that the action was not removable since there was an involuntary dismissal of the resident co-defendant.

Prior to 1949 the law was that "it must appear, to make the case a removable one as to a nonresident defendant because of dismissal as to resident defendants, that the discontinuance as to such defendants was voluntary on the part of the plaintiff * * *." American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 316, 35 S.Ct. 355, 356, 59 L.Ed. 594 (1915). St. Paul claims that the distinction between voluntary and involuntary dismissal of resident co-defendants has not survived the 1949 amendment to 28 U.S.C. § 1446(b) which changed the second paragraph to read that if the case first stated by the initial pleading is not removable, the defendant shall have 20 days to apply for removal after he receives, among other items, an "order" from which it may first be ascertainable that the case is removable. St. Paul claims that a case is now removable when the resident co-defendant is involuntarily dismissed as long as an order of dismissal is entered.

 The legislative history of the amendment indicates that it was to be "declaratory of the existing rule laid down by the decisions." H.R.Rep.No. 352, 2 U.S.Code Cong.Serv. p. 1268 (1949). This report refers to Powers v. Chesapeake & Ohio Ry., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898), a case which dealt with the voluntary dismissal of a defendant. Further, the weight of judicial opinion since 1949 is contra to defendant's position. Strandholm v. General Construction Co., 222 F.Supp. 12 (D.Or.1963); Robinson v. LaChance, 209 F.Supp. 845 (E.D.N.C.1962); Putterman v. Daveler, 169 F.Supp. 125 (D.Del. 1958); Stone v. Foster, 163 F.Supp. 298 (W.D.Ark.1958); but see Parkhill Produce Co. v. Pecos Valley Southern Ry., 196 F.Supp. 404 (S.D.Tex.1961).

The comment in 1 Barron & Holtzoff, Federal Practice and Procedure 474 (1960), is particularly apt with regard to the facts of this case. The treatise refers to the distinction before 1949 as between subsequent action by a court which did not make a case removable, and voluntary action by the plaintiff which did. After discussing the possible effect of the 1949 amendment, it states:

> "The former distinction had merit, in that it prevented removal where the non-diverse party was eliminated by a court order which might be subject to reversal on appeal."

 In the case at bar the petition for removal was filed promptly and before the time to appeal from the order had expired in the state court. Since section 1446(e) provides that upon the filing of the necessary papers "the State court shall proceed no further unless and until the case is remanded" the plaintiff is stymied in any attempt to review the ruling.

There is no merit to the contention that St. Paul did not comply with the time requirements for removal.

Motion granted. So ordered.