**William B. VILES, Plaintiff,**

v.

**John R. SHARP, Defendant.**

**Civ. A. No. 15565-3.**

United States District Court
W. D. Missouri, W. D.

Dec. 9, 1965.

Robert B. Wurdack, of Wurdack & Wurdack, Kansas City, Mo., for plaintiff.

Richard D. Rixner, of Alder & Morrison, Kansas City, Mo., for defendant.

BECKER, Chief Judge.

This is a twice removed action for damages for personal injuries. Plaintiff has moved to remand the cause to the state court.

Plaintiff, William B. Viles, is a domiciled resident citizen of Missouri. Defendant, John R. Sharp ("Sharp" hereinafter), is a domiciled resident citizen of Kansas. Michael F. Brosnahan ("Brosnahan" hereinafter), a minor, is a resident domiciled citizen of Missouri.

This action was originally instituted on January 27, 1965, in the Circuit Court of Jackson County, Missouri. When originally instituted, Sharp and Brosnahan were parties defendant.

The petition for damages filed in state court alleged in one count that plaintiff was injured in an automobile accident on May 23, 1963, through the negligence of defendant Brosnahan; that plaintiff was injured in a second automobile accident on December 14, 1963, through the negligence of defendant Sharp; that plaintiff is unable "to segregate or apportion the injuries between the two casualties" so "each defendant is equally liable for the full extent thereof"; that plaintiff was damaged in the sum of $25,000.

This cause was removed the first time by defendant Sharp on the alleged ground of improper joinder. Judge Oliver, on May 20, 1965, ruled that improper joinder is not a valid basis for removal; that fraudulent joinder had not been pleaded or proved, and remanded the cause to the state court. See Viles v. Sharp (W.D.Mo.), 248 F.Supp. 271.

On June 18, 1965, in the state court, Judge Vardeman sustained the motion of defendant Brosnahan to dismiss on a finding of improper joinder, and dropped him as a party defendant.

The present and second petition for removal, based on diversity of citizenship, was filed on June 25, 1965. Plaintiff's motion to remand is based on the contention that the second petition for removal was premature, because a timely motion for "new trial" against defendant Brosnahan was filed (after removal) in the state court. The motion for new trial undertakes to secure a rehearing on the dismissal of defendant Brosnahan, the Missouri resident; and to lay the basis for appellate review of the order of dismissal.

This cause will be remanded to the state court (without ruling on plaintiff's asserted ground for remand, prematurity of removal, contained in the second mo-

tion to remand) for the following reasons.

 When a resident of a state sues as co-defendants a resident and a non-resident of that same state, the cause is not ordinarily removable on the ground of diversity of citizenship. 1A Moore, Federal Practice ¶ 0.161 [1], p. 522.

 If, after institution of the suit, the plaintiff *voluntarily* drops the resident as a party, the cause becomes removable. 1A Moore, Federal Practice ¶ 0.161 [2], p. 535, n. 18. On the other hand, prior to the 1949 amendment to Section 1446(b) of Title 28, U.S.C., a cause did not become removable if the resident defendant was *involuntarily* dismissed. 1 Barron and Holtzoff, Federal Practice and Procedure § 103, p. 474, n. 29.6; American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594.

The portion of the 1949 amendment to Section 1446(b) material to the issue here in question added a new paragraph thereto which was as follows:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The authorities are in conflict with respect to the effect of the 1949 amendment to Section 1446(b) when the resident defendant is involuntarily dismissed.

For comment and decisions that involuntary dismissal gives no right of removal, see 1A Moore, Federal Practice ¶ 0.168 [3.—5], p. 1244, n. 35, and, e. g., Cudney v. Midcontinent Airlines (E.D.Mo.) 98 F.Supp. 403; Stone v. Foster (W.D.Ark.) 163 F.Supp. 298; Squibb-Mathieson Int'l Corp. v. St. Paul Mercury Ins. Co. (S.D.N.Y.) 238 F.Supp. 598.

For contrary authorities favoring the right of removal when the resident defendant is involuntarily dismissed, see Lyon v. Illinois Central R. R. (S.D.Miss.) 228 F.Supp. 810, citing dictum in Platt v. Illinois Central R. R. (C.A.5) 305 F.2d 136, 139; 1 Barron and Holtzoff, Federal Practice and Procedure § 103, p. 474, n. 29.8 (questioning distinction between voluntary and involuntary dismissals).

 Removal statutes should be strictly construed in favor of state court jurisdiction. Young Spring & Wire Corp. v. American Guarantee & Liab. Ins. Co. (W.D.Mo.) 220 F.Supp. 222, 228, and cases therein cited. The statute does not unequivocally favor removal. There is no controlling authority favoring removal. So in this case the authorities in favor of state jurisdiction and of remand will be followed. It is therefore

Ordered that plaintiff's motion to remand be, and it is hereby, granted. It is further

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri. It is further

Ordered that the costs incurred in this Court be paid by the defendant.