**Jimmy ENNIS and wife, Kathy Ennis, Plaintiffs,**

v.

**QUEEN INSURANCE COMPANY OF AMERICA and Royal-Globe Insurance Companies of New York, New York, Defendants.**

No. C–73–148.

United States District Court, W. D. Tennessee, W. D.

June 29, 1973.

Ralph W. Farmer, Ewell & Farmer, Dyersburg, Tenn., for plaintiffs.

Ralph I. Lawson, Dyersburg, Tenn., for defendants.

### ORDER OVERRULING MOTION TO REMAND

WELLFORD, District Judge.

In January, 1973, respondents brought an action against petitioners and Finley & Crone, Insurors, of Dyersburg, Tennessee, in the Law and Equity Court for

Dyer County, Tennessee, seeking damages for breach of a fire insurance contract. In March, 1973, the Dyer County Court of Law and Equity dismissed the suit as to the defendant, Finley & Crone, Insurors, and ordered that plaintiffs be granted leave to reinstate this suit by appropriate affirmative action in the form of a motion as to defendant, Finley & Crone, Insurors, in the event that later discovered facts might justify the reinstitution of this suit against Finley & Crone, Insurors. Thereafter, in April, 1973, defendants Queen Insurance Company of America and Royal-Globe Insurance Companies of New York, New York, petitioned this Court for removal of the cause of action. Plaintiffs moved to remand based on a lack of diversity of citizenship under 28 U.S.C. Sec. 1332(c), which states for purposes of removal jurisdiction of the federal district courts that:

> " . . . in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

Plaintiffs' motion to remand alleges that the defendant insurance companies are involved in a direct action against them, and therefrom plaintiffs assert that diversity is destroyed under this statute and plaintiffs also refer to the State Court's dismissal of the action against the insurance agency as being conditioned on plaintiffs' right to take discovery.

■ Diversity of citizenship was not, however, destroyed by application of 28 U.S.C. Sec. 1332(c) because that section is applicable only to direct action suits on a policy or contract of *liability* insurance. The statute does not pertain to a suit on a fire insurance policy. Twin City Fire Insurance Company v. Wilkerson, 247 F.Supp. 766 (E.D.Tenn.1965). On a motion to remand the question must be tested by the state of the pleadings at the time of the filing of the petition of removal, not at the time of filing. Here, there had been in state court an order of dismissal for the resident insurance agency. The conditional language of the dismissal order did not affect its finality, even though plaintiffs may reinstitute suit against the local agent if they discover facts justifying a cause of action against it.

There still remains, however, a determination as to the nature of the dismissal of the resident defendant in state court.

> " . . . where there is a joint cause of action against defendants resident of the same state with the plaintiff and a nonresident defendant, it must appear to make the case a removable one as to [resident defendants] that the discontinuance as to such defendants was voluntary on the part of the plaintiff, and that such action has taken the resident defendants out of the case, so as to leave a controversy wholly between the plaintiff and the nonresident defendant." American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915).

See also Great Northern R. Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); Lathrop, Shea & Henwood Co. v. Interior Construction & Imp. Co., 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177 (1909); Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900); Powers v. C. & O. Rwy., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898). The 1948 amendments to removal jurisdiction were enacted to provide for removal of cases after the initial pleading stages. 28 U.S.C. § 1446(b).[1]

---

1. "If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

"The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. *This is declaratory of the existing rule laid down by the decisions*. . . . 2 U.S.Code Cong. Serv. p. 1268, 81 Cong., 1st Sess. (1949)." Weems v. Louis Dreyfus Corp., 380 F.2d 545, 548–549 (5th Cir. 1967).

The effect of this amendment cited has been subject to somewhat differing conclusions. The legislative history, above set out, indicates that Congress was mindful of the existing rule that only voluntary dismissals made removal to Federal Court possible where diversity and other jurisdictional requirements were thus subsequently met after initial pleadings had been filed in state court. The reason for the "voluntary dismissal" rule is based on judicial efficiency. The voluntary dismissal of a resident defendant is not appealable. Such a dismissal finally determines who are the parties to the action in a state court proceeding immediately prior to removal to a federal court. The involuntary dismissal of a resident defendant, however, is appealable. Thus, an involuntary dismissal would involve the possibility of duplication and expense of an appeal being heard in state courts and the same proceeding being before the federal courts at the same time, if such a case could be removed to the federal courts. See Squibb-Mathieson Corp. v. St. Paul Mercury Ins. Co., 238 F.Supp. 598 (S.D. N.Y.1965); Strandholm v. Gen. Const. Co., 222 F.Supp. 12 (D.Ore.1963); Viles v. Sharp, 248 F.Supp. 1019 (W.D.Mo. 1965); Stone v. Foster, 163 F.Supp. 298 (W.D.Ark.1958); 1 A Moore, Fed.Practice & Procedure, Sec. 0.168, p. 1244, note 35.[2]

Defendant insurance company contends in effect that plaintiffs' original complaint involving the Tennessee resident insurance agent was made to avoid federal jurisdiction, or that the original claim against said local defendant was not even colorable in that it states no cause of action and requests no relief from the local insurance agent.

"We recognize that there may be a trend toward restriction, rather than enlargement, of federal diversity jurisdiction . . . and that the removal statutes are to be strictly construed." Bradley v. Maryland Casualty Co., 382 F.2d 415, 419 (8th Cir. 1967)—decision of Judge, now United States Supreme Court Justice Blackmun. See Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Young Spring & Wire Corp. v. American Guarantee & L. Ins. Co., 220 F.Supp. 222, 228 (W.D.Mo.1963).

■ Though the Court is not sympathetic to the reasons for the distinction between voluntary and involuntary dismissals as affecting the right to removal, it does appear that the clear weight of authority is to the effect that removal is not appropriate where the resident defendant was involuntarily dismissed, except where a party is merely added in order to defeat federal jurisdiction.

■■ If a local party were joined on a basis purposefully to avoid federal jurisdiction or if a formal or unnecessary party were joined for that reason, then the federal court may retain removal jurisdiction. Nunn v. Feltinton, 294 F.2d 450, 453 (5th Cir. 1961). "The joinder of a resident Defendant may be deemed fraudulent for purposes of removal if the Plaintiff fails to state a cause of action against the resident Defendant and the lack of a cause of action is obvious according to the settled decisions of laws of the state." Bohanan v. Atchison, Topeka and Santa Fe Railway Co., 289 F.Supp. 490, 493 (W.D.Okla.1968);

---

2. Cf., Lyon v. I.C.R.R. Co., 228 F.Supp. 810 (S.D. Miss.1964) and 1 Barron and Holtzoff, Fed. Practice and Procedure, Sec. 103, p. 474, note 29.8.

Dyer v. Burns, 257 F.Supp. 268, 270 (W.D.Okla.1966).

> "The fraud here under consideration is simply a purpose to deny the nonresident defendant the right of having his case tried in the jurisdiction to which he would otherwise be entitled by the unwarranted joinder as a codefendant of one against whom the plaintiff knows, or has sufficient reason in law to know, he has no legal ground for suit."

Clancy v. Brown 71 F.2d 110, 113 (8th Cir. 1934). The joinder in this case by plaintiffs of Finley & Crone, Insurors, as a resident defendant appears under all the circumstances to have been an unnecessary joinder of a party to defeat federal jurisdiction. The Tennessee State Court has dismissed the action against the resident defendant for failure to state a claim upon which relief may be granted. Subject to plaintiffs' bringing at least a colorable cause of action against a resident defendant, federal diversity of citizenship jurisdiction will not be defeated in this cause.

It is therefore Ordered that plaintiffs' Motion to Remand be and the same hereby is overruled.