Robert H. WHITE, Plaintiff,

v.

Charles Leroy HUGHES, Defendant and
Cross-Plaintiff and Third-
Party Plaintiff,

v.

Alford R. GOODWIN et al.,
Defendants,

v.

Mark T. PINSON et al., Defendants
and Cross-Defendants,

v.

BENTON COUNTY HOSPITAL and
Talmadge Wayne Plant, Third-
Party Defendants.

Junior BAKER, Plaintiff,

v.

Charles Leroy HUGHES, Defendant and
Cross-Plaintiff and Third-
Party Plaintiff,

v.

Alford R. GOODWIN et al.,
Defendants,

v.

Mark T. PINSON et al., Defendants
and Cross-Defendants,

v.

BENTON COUNTY HOSPITAL and
Talmadge Wayne Plant, Third-
Party Defendants.

Nos. C–74–56–E and C–74–57–E.

United States District Court,
W. D. Tennessee, E. D.

Nov. 24, 1975.

Lloyd S. Adams, Jr., Humboldt, Tenn., for plaintiffs.

J. W. Kirkpatrick, Memphis, Tenn., for defendant Hughes.

Defendant Goodwin not represented by counsel.

Jerry D. Kizer, Jr., Jackson, Tenn., for defendant Murphy.

Wm. Jerry Flippin, Milan, Tenn., for defendant Jenkins.

W. H. Lassiter, Huntingdon, Tenn., for defendants Pinson & Huntingdon.

Franklin Murchison, Jackson, Tenn., for defendant Benton Co.

### ORDER ON MOTIONS FOR REMAND

McRAE, District Judge.

On July 10, 1975, Defendant Murphy Transportation, Inc. filed in this cause and its companion cause, C–75–57–E, a Petition for Removal of both actions from the Circuit Court of Benton County, Tennessee, to the United States District Court of the Western District of Tennessee, Eastern Division. Petitioner alleged that this Court had original jurisdiction over these causes pursuant to 28 U.S.C. §§ 1331 and 1332 and that said causes were removable under 28 U.S.C. § 1441(a) and (b).

On October 3, 1975, Benton County, Tennessee, as original Defendant and as a Cross-defendant filed in this cause and in the companion case a Motion to Remand these causes to the state court, alleging that the Petition for Removal was insufficient to effect removal to this Court of all or even part of the claims in these causes. In support of this position, Defendant County relied on the following grounds: 1) That the causes in question are not within the original jurisdiction of this Court and therefore not within 28 U.S.C. § 1441(a) since there is no complete diversity as to all parties nor is the requisite federal question present; and 2) that the cross-claim of Defendant and Cross-Plaintiff Jenkins Truck Lines, Inc. against Murphy Transportation is not a "separate and independent claim or cause of action" as contemplated by 28 U.S.C. § 1441(c) and therefore could not support removal of the entire cause to this Court. In the alternative, should this Court accept jurisdiction under § 1441(c), then Defendant County urged this Court to exercise its discretion under that section and remand all otherwise nonremovable claims to the state court.

Murphy Transportation urges removal basically on three grounds: 1) that the entire action in each cause is removable, and not merely the cross-claim against it; 2) that the cross-claim is a "separate and independent claim or cause of action" arising under § 1441(c), and, as a corollary thereto, the Cross-defendant Murphy is a "defendant" contemplated by § 1441(a); and 3) that even if the cross-claim will not support removal under § 1441(c), removal is proper under 28 U.S.C. § 1446(b) which states in part that if the case as stated in the initial pleading is not removable, a petition for removal can still be filed within thirty days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper which demonstrates for the first time that the case is one which is or has become removable.

For the reasons hereinafter set forth, this Court holds that this whole cause must be remanded to the Circuit Court of Benton County, Tennessee.

First, it is readily apparent that it is impossible to remove the entire action in each cause under § 1441(a) or (b). This is because neither of these two causes states claims of which the District Courts of the United States have original jurisdiction. Both of these causes arise out of a collision between an ambulance and a tractor-trailer rig. This is clearly not an action which

"arises under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331(a). Moreover, the allegations of Plaintiff's original complaint filed in circuit court clearly establish that the requisite complete diversity between Plaintiff and the multiple Defendants in each cause is totally lacking. 28 U.S.C. § 1332(a). Lastly, it is a fundamental of removal law that the Defendants are to be treated collectively; and generally, before the Plaintiff's choice of the state forum can be avoided, unanimity among all defendants to remove is required. *Chicago, Rock Island and Pacific Ry. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri-Cities Newspaper, Inc. v. Tri-Cities P. P. & A. Local 349*, 427 F.2d 325, 326–27 (5 Cir. 1970); *Van Slambrouck v. Employers Mutual Liability Ins. Co. of Wisconsin*, 354 F. Supp. 366 (E.D.Mich.1973). The fact that the Tennessee Defendants could not substantively join in the Petition for Removal only further demonstrates that removal under § 1441(a) and (b) is not allowable.

We now turn to the cross-claim filed by Defendant Jenkins against Defendant Murphy. Under § 1441(c), if a separate and independent claim which is removable is joined with a nonremovable claim, the entire cause can still be removed to federal court. The district court is then authorized to remand all matters not otherwise within its original jurisdiction. The fact that this cross-claim does appear to involve claims arising under certain federal statutes and regulations and is a claim by an Indiana corporation against an Alabama corporation satisfies the first criteria for removability in that the cross-claim would at least colorably fall within this Court's original jurisdiction. However, this alone is not sufficient to create a removable claim under § 1441(c).

The briefs of the parties as well as this Court's independent research in this cause indicate that there is an an irreconcilable conflict regarding whether third-party actions and cross-claims can be considered under § 1441(c) as fulfilling the "separate and independent claim" requirement of that section. There are basically two hurdles in this regard: 1) whether the separate and independent claim must be joined by the plaintiff solely in his complaint or other pleading; and 2) whether a counter-claim or cross-claim is capable of being separate and independent of the original claim as stated by the plaintiff.

■ This Court is persuaded by the interpretation of § 1441(c) which urges that it is only separate and independent claims joined by the plaintiff which are to be considered under § 1441(c) as being removable. This is the view espoused by Professor Moore in his *Commentary on the United States Judicial Code* at page 252 (1948). The rationale supporting this interpretation is set forth in 1A Moore's Federal Practice ¶ 0.163[4.—6] at 281 *et seq.* and ¶ 0.167 [9] (1974). For a judicial explanation, *see Sequoyah Feed & Supply Co. v. Robinson*, 101 F.Supp. 680, 682 (W. D.Ark.1951) and *Shaver v. Arkansas-Best Freight System*, 171 F.Supp. 754, 759–763 (W.D.Ark.1959). The basis for this interpretation is that the removal statutes are to be construed strictly and against jurisdiction. The Supreme Court in *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941) held that a plaintiff who was made a defendant by a counter-claim was not to be considered as defendant for the purposes of the removal statutes. An interpretation of § 1441(c) which limits removal to a defendant in the case of a joinder of claims by plaintiffs and not a joinder of cross-claims or third-party actions by defendants comports with the strict construction of the removal statutes given in *Shamrock*.

■ But even if cross-claims of defendants were considered to create a removable claim, the claim itself would still have to pass muster as being "separate and independent." A cross-claim is

a claim by one party against a co-party arising out of the same transaction which forms the subject matter of the original action. F.R.C.P. Rule 13(g). The authorities are in accord that a claim which is merely incidental or collateral to the main action can afford no basis for removal on the theory that it is a separate claim. Barron and Holtzoff, Federal Practice and Procedure § 105 (Wright ed. 1960). There are many cases which broadly state that a cross-action is not a separate and independent claim within § 1441(c). *United Founders Life Ins. Co. of Illinois v. Blackhawk Holding Corp.,* 341 F.Supp. 483 (E.D.Wis.1972); *Mid-State Homes, Inc. v. Swain,* 331 F.Supp. 337 (W.D.Okl. 1971); *Verschell v. Fireman's Fund Ins. Co.,* 257 F.Supp. 153 (S.D.N.Y.1966). This is consistent with this Court's view that any claim which is to form the basis for removal under § 1441(c) must be joined by the plaintiff and not a defendant. For the foregoing reasons, this Court does not construe § 1441(c) to include cross-claims as being within the "separate and independent claim or cause of action" clause of § 1441(c). To do so in this particular case would be a rather extreme example of the tail wagging the dog.

■■■ Another reason for denying removal is based upon § 1446(b). That statute states, in part:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

It is too well established to be questioned that in order for this section to apply, the change which makes the non-removable claim removable must be brought about by the voluntary act of the plaintiff. *American Car and Foundry Co. v. Kettelhake,* 236 U.S. 311, 35 S. Ct. 355, 59 L.Ed. 594 (1915); *Ennis v. Queen Ins. Co. of America,* 364 F.Supp. 964 (W.D.Tenn.1973); *Lauf v. Nelson,* 246 F.Supp. 307 (D.Mont.1965). This is mandated by the very language of § 1446(b) which states that a petition for removal can be filed "after receipt *by the defendant*" of some paper which makes the claim removable. The cross-claim of Defendant Jenkins is not a voluntary action by the Plaintiff and therefore cannot serve as a basis for removal under § 1446(b).

Therefore, it is Ordered that the Motions for Remand filed in C–75–56–E and C–75–57–E are hereby granted. Both cases shall be remanded to the Circuit Court of Benton County, Tennessee.