**Jeffrey BARRON, Plaintiff,**

v.

**WERNER ENTERPRISES, INC., and Amhad Rashad Ranson, Defendants.**

**Civil Action No. 3:06cv983–MHT.**

United States District Court, M.D. Alabama, Eastern Division.

Nov. 28, 2006.

---

Stewart Sealy Wilbanks, Timothy L. Dillard, Dillard & Associates LLC, Birmingham, AL, for Plaintiff.

Charles F. Carr, Carr, Allison, Pugh, Howard, Oliver & Sisson, PC, Daphne, AL, Lea Richmond, IV, Thomas Lee Oliver, II, Carr Allison Pugh Howard Oliver & Sisson PC, Birmingham, AL, for Defendants.

### OPINION AND ORDER

MYRON H. THOMPSON, District Judge.

This lawsuit, which was removed from state to federal court based on diversity-of-citizenship jurisdiction, *see* 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff Jeffrey Barron's motion to remand pursuant to the "voluntary-involuntary" rule. For the reasons outlined below, the court finds that the voluntary-involuntary rule applies, and thus this action should be remanded to state court.

### I.  BACKGROUND

The events leading up to this order are chronologically as follows:

*July 8, 2005:* Barron was injured in a three-car accident in which he and defendants William Lewis Jennings and Amhad Rashad Ranson were the drivers.

*June 19, 2006:* Barron filed this lawsuit in an Alabama state court charging Jennings and Ranson with negligence and wantonness. He also named the Chambers County Commission and Werner Enterprises, Inc. as defendants, alleging that they were employers of Jennings and Ranson, respectively, at the time of the accident. He named Jennings as a defendant in both his official capacity (as a Deputy Sheriff of Chambers County) and individual capacity.

*July 25, 2006:* Both Jennings and the commission filed motions to dismiss. In support of his motion, Jennings argued that he was absolutely immune from this lawsuit. In support of its motion, the commission argued that deputy sheriffs are employees of the state, and not the county in which the serve. Barron opposed Jennings's motion to the extent he had sued Jennings in his individual capacity; he did not oppose the commission's motion.

*October 25, 2006:* The state trial court granted both dismissal motions.

*October 31, 2006:* Because the two non-diverse defendants, Jennings and the commission, had been dismissed, Werner removed this case to federal court based on complete diversity-of-citizenship jurisdiction between Barron and the two remaining defendants. Barron is a citizen of Alabama while Werner is a citizen solely of Nebraska, and Ranson, who had not been served at the time, is a citizen of Louisiana.

*November 3, 2006:* This federal court issued an order asking the parties to show cause as to why this case should not be remanded to state court based on the voluntary-involuntary rule.

*November 7, 2006:* Barron filed a motion in the state trial court asking the court to reconsider its order dismissing Jennings in his individual capacity. In support of the motion, Barron asked that he be allowed to amend his state-court complaint to allege his claims against Jennings in more detail.

*November 20, 2006:* Barron filed a motion in federal court asking that this case be remanded back to state court based on the voluntary-involuntary rule.

## II. DISCUSSION

■ Under the voluntary-involuntary rule, a case can be removed under diversity jurisdiction if the "resident defendant was dismissed from the case by the voluntary act of the plaintiff, but if the dismissal was the result of either the defendant's or the court's action against the wish of the plaintiff, the case could not be removed." *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir.1967).[1] Behind the rule is a notion of finality that is essential to "prevent removal to a federal court when the nondiverse party was eliminated by a state court order that might be reversed on appeal." 14 Wright, Miller & Cooper, § 3723. *See also Weems v. Louis Dreyfus Corp.,* 380 F.2d 545 (5th Cir.1967). Relying on this rule, Barron contends that his case cannot be removed because Jennings was dismissed as the result of state-court action against Barron's wish.[2]

Werner responds with the decision of the Eleventh Circuit Court of Appeals in *Insinga v. LaBella,* 845 F.2d 249 (11th Cir.1988). There, the appellate court held that, even though the dismissal of the defendant was against the wish of the plaintiff, the voluntary-involuntary rule did not apply and the case was properly removed where the dismissal was based on jurisdiction, which included a dismissal based on the claimed sovereign immunity of the defendant. 845 F.2d at 254. It would appear that *Insinga* should control here and thus this case should not be remanded, for Jennings was dismissed for a jurisdictional reason, that is, based on sovereign immunity. *See Ex parte Town of Lowndesboro,* —— So.2d ——, ——, 2006 WL 1304902, *2 (Ala. May 12,2006) ("When an action is one against the State or a State agency, § 14 [of the Alabama Constitution] wholly removes subject-matter jurisdiction from the courts."). However, a more detailed analysis of the *Insinga* decision indicates that the holding of the case clearly does not apply here.

In *Insinga,* the case was removed from state to federal court after the time for appeal from a summary judgment, granting in favor of a resident defendant based on sovereign immunity, had run, and thus the judgment was final. The Eleventh Circuit held that the voluntary-involuntary rule did not apply and upheld the removal. The appellate court carefully wrote that, "while finality in the state court as to all resident defendants may be a necessary condition to support removal, it is not a sufficient prerequisite nor is it synonymous with voluntariness." 845 F.2d at 252. Thus, in *Insinga,* the fact that the resident defendant had been dismissed and

---

**1.** In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**2.** Barron agrees that because he did not oppose the dismissal of the Chambers County Commission, its dismissal was voluntary.

the fact that the dismissal had become final in state court (that is, the time for appeal had run, with the result that the plaintiff had thereby acquiesced to the dismissal) was not enough. Relying on a Supreme Court case where the voluntary-involuntary rule was applied even though the dismissal of the defendant had become final, *Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.*, 215 U.S. 246, 30 S.Ct. 76, 54 L.Ed. 177 (1909), the Eleventh Circuit said that finality was not enough; there had to be more. *Insinga*, 845 F.2d at 252. Thus, absent finality, the voluntary-involuntary rule is dispositive.

The Eleventh Circuit said this additional determinative factor was whether the dismissal of the resident defendant against the plaintiff's wish was jurisdictional or was based on the merits. *Id.* at 254. If jurisdictional, the presence of the dismissed defendant was more akin to 'fraudulent joinder' and the voluntary-involuntary rule did not apply; if on the merits, the voluntary-involuntary rule applied. *Id.*

Critical to the *Insinga* court's discussion was, as stated, that, "while finality in the state court as to all resident defendants may be a *necessary condition* to support removal, it is *not a sufficient prerequisite.*" 845 F.2d at 254 (emphasis added). The court was looking at, and most importantly talking about, only those circumstances where finality was present; it was saying that finality alone was not enough. With the statement, it was not saying that finality was not necessary; to the contrary, it was saying that state-court finality is a "necessary condition" but not the only condition.

Indeed, this understanding is consistent with the critical comment in *Insinga* that, "In most of the instances in which the Supreme Court has employed the voluntary-involuntary rule, it appears that the elimination of the resident defendants was

not final at the time the issue of the propriety of removal was considered because the state appellate process as to those defendants was not complete." 845 F.2d at 252–253 (citing *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915); *Kansas City Suburban Belt Ry. v. Herman*, 187 U.S. 63, 23 S.Ct. 24, 47 L.Ed. 76 (1902); *Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900)).

Here, this court is presented with the converse of that which was presented in *Insinga*: a situation where the dismissal of the resident defendant was not final. Only if the dismissal of Jennings had been made final before removal would the *Insinga* question (whether that dismissal was jurisdictional or based on the merits) be critical and have to be answered. Because the dismissal of Jennings was not final, the voluntary-involuntary rule applies and this case must be remanded.

Werner cannot, with removal, cut off Barron's proper right to ask the state trial court to reconsider Jennings's dismissal and, failing in that effort, to ask the state appellate courts, including the Alabama Supreme Court, to review the action of the trial court. In short, Werner cannot, by itself, foreclose any state appellate review of the state trial court's action.

Accordingly, because this court lacks subject-matter jurisdiction, it is the ORDER, JUDGMENT, and DECREE of the court that, pursuant to 28 U.S.C. § 1447(c), plaintiff Jeffrey Barron's motion to remand (doc. no. 11) is granted and this case is remanded to the Circuit Court of Chambers County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.