Eugene LEMOS, Plaintiff-Appellee,

v.

Roy FENCL, Defendant,

Metropolitan Life Insurance Company,
Defendant-Appellant,

Richard J. Kilmartin, Appellant.

No. 86–2616.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1987.

Decided Sept. 24, 1987.

Richard J. Kilmartin, San Francisco, Cal., for defendant-appellant.

Michael James Moriarty, San Francisco, Cal., for plaintiff-appellee.

Before CHOY, GOODWIN and TANG, Circuit Judges.

TANG, Circuit Judge:

Metropolitan Life Insurance Company and its attorney, Richard J. Kilmartin, appeal an order imposing sanctions against them for violating Federal Rule of Civil Procedure 11. Metropolitan had attempted to remove this case to federal court from California state court. The district court remanded to state court and imposed sanctions. Metropolitan contends that the district court erred because its petition for removal did not violate the requirements of Rule 11.

### I.

On July 3, 1980, Eugene Lemos filed suit in Superior Court of California for the County of Alameda against his insurance agent, Roy Fencl and Fencl's employer, Metropolitan Life Insurance Company (Metropolitan), seeking declaratory relief and damages for alleged misrepresentation in connection with the sale of several life insurance policies. When the action was filed, Lemos and Fencl both resided in California. Metropolitan is a New York corporation. The lack of diversity of citizenship between the plaintiff and one of the defendants barred federal jurisdiction under 28 U.S.C. § 1332 (1982).

The trial began on July 1, 1985. On the eighth day, Metropolitan obtained a mistrial. The court determined that evidence that the California Department of Insur-ance had revoked Fencl's license for conduct similar to that alleged in this case unduly prejudiced Metropolitan. The court determined that corrective instructions would be inadequate and ordered that the matter be retried before a new jury.

The second trial commenced on June 16, 1986. On June 17, in order to avoid the evidentiary problems that had led to the mistrial, the state judge suggested that the action be bifurcated. Acting on this suggestion, Lemos moved to bifurcate the case, with the jury to hear the case against Metropolitan first and a new jury to hear the case against Fencl later. The court continued the trial date to June 23, 1986.

On June 20, Metropolitan served Lemos with a petition for removal and supporting papers. On the scheduled trial date, the judge declared that he lacked jurisdiction over Metropolitan due to the removal.

Metropolitan grounded the petition for removal on its contention that diversity jurisdiction arose when the case was bifurcated. Lemos filed a motion to remand and for an award of sanctions under Rule 11. Lemos also obtained an order shortening time for hearing to two days. The United States District Court held a hearing on June 27, 1986, and filed separate orders granting both motions on June 30. The court ordered Metropolitan and its attorney to pay Lemos $1,500 in attorneys fees and $984 in subpoena fees lost by Lemos as the result of the filing of the petition. Metropolitan appeals this order only.

### II.

Metropolitan makes two arguments challenging the sanction award. It argues first that the district court erred in awarding sanctions because the petition for removal was valid as a matter of law; and second, that the district court erred because the petition did not violate Rule 11.

We need not decide the first issue. A district court remand of a case to state court is not reviewable by the court of appeals. 28 U.S.C. § 1447(d) (1982). *See Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1

(1977). Metropolitan vigorously argues that we should adopt its view of the law of removal as justification for overturning the Rule 11 sanction. It is not necessary for us to resolve the underlying legal issue in order to review the sanction award because even a petition that is correctly dismissed on its merits will not necessarily warrant sanctions. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830–31 (9th Cir. 1986).

## III.

■ Whether specific conduct violated Rule 11 is a legal question which we review de novo. *Golden Eagle Dist. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir.1986). We review factual determinations concerning the conduct for clear error and the amount or nature of the sanctions for an abuse of discretion. *Id.*

Rule 11 [1] addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Zaldivar,* 780 F.2d at 830.

The district court held:

The Court finds that the Petition for Removal was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that the only reasonable inference that can be drawn is that removal was imposed for an improper purpose, in order to harass the plaintiff and to cause unnecessary delay or needless increase in the cost of litigation, in violation of Rule 11.

### A. *Warranted by Law*

The denial of the petition is not dispositive of the issue of sanctions.

The pleader, at a minimum, must have a "good faith argument" for his or her

view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry."

*Zaldivar,* 780 F.2d at 830–31; *see also Golden Eagle,* 801 F.2d at 1538 ("If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed.").

Metropolitan argues that the petition was warranted by law under the rule of *Southern Pac. Co. v. Haight,* 126 F.2d 900 (9th Cir.), *cert. denied,* 317 U.S. 676, 63 S.Ct. 154, 87 L.Ed. 542 (1942). In that case, the plaintiff, Haight, a California resident, sued Southern Pacific Company, a Kentucky corporation and also named as defendants two "John Does" who were California residents. Diversity jurisdiction did not exist because of the joinder of the latter defendants. At the time of the trial, the plaintiff, not having served the unnamed California defendants, elected to proceed against the railroad alone. The railroad filed a petition for removal to the United States District Court. The following day, the plaintiff served one of the "John Doe" defendants and that defendant filed an appearance in the action. The plaintiff opposed removal on the ground that the parties lacked diversity.

The district court denied the motion to remand to state court. This court affirmed.

It is our opinion and we hold ... that the plaintiff in the instant case having petitioned the court to set the case for trial and having announced that she was ready to proceed with the trial against the Southern Pacific Company, each at a time when only the latter defendant had been brought into court, had abandoned the joint character of her action, and

---

**1.** The Rule provides in part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

rendered the cause immediately removable to the District Court.

126 F.2d at 904.

Metropolitan argues that *Haight* controls in this case because here the plaintiff also voluntarily elected to proceed against the diverse defendant in a separate trial. Metropolitan argues that the plaintiff obtained a de facto severance. He chose to bring his case against Metropolitan before a separate jury, presenting separate evidence and leading to a separate judgment. If he chose, he could thereafter proceed against Fencl but he could not enforce any judgment obtained against Fencl against Metropolitan or vice versa. Therefore, argues Metropolitan, Fencl is a defendant in name only and there is no effective difference between this case and a case in which Metropolitan would be the sole defendant.

Lemos counters that 28 U.S.C. 1332 plainly bars removal because Fencl is still a named defendant. He argues that the rule of *American Car and Foundry Co. v. Kettelhake*, 236 U.S. 311, 35 S.Ct. 355, 59 L.Ed. 594 (1915) controls.

> The resident defendants [must have] "so completely disappeared from the case as to leave the controversy one entirely between the plaintiff and a non-resident corporation."

*Id.* at 316, 35 S.Ct. at 356 (quoting the Court of Appeals decision). Lemos distinguishes *Haight* on the ground that in that case, the nondiverse defendant had not been served prior to the petition for removal. Lemos stresses that this case involves a mere bifurcated trial of two defendants properly before the court.

■ This is an interesting question of law, one which, as we stated earlier, we will not resolve here. We are convinced, however, that it is a close enough question to withstand the test articulated in our cases construing Rule 11. In reviewing Metropolitan's argument objectively, we cannot say that it is frivolous, or legally unreasonable. *Zaldivar*, 780 F.2d at 831.

### B. *Improper Purpose*

■ We have held that a *complaint* that is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law cannot violate Rule 11 even if it is filed for an improper purpose. *Zaldivar*, 780 F.2d at 832. In *Zaldivar*, we left open the question of whether motions and papers other than a complaint, that are interposed for an improper purpose, are sanctionable even though not frivolous. *Zaldivar*, 780 F.2d 832 & n. 10. We need not answer that question here because Lemos has failed to show that Metropolitan removed the action for an improper purpose. Metropolitan made no effort to remove this action throughout the extended litigation until Lemos moved to bifurcate. Lemos moved to bifurcate on June 20, 1986, and two days later, before any further proceedings had transpired, Metropolitan filed a petition to remove in federal district court. The petition caused understandable indignation on the part of Lemos' counsel who had sought for several years to bring this matter to trial and had already subpoenaed witnesses. However, we must point out that much of the delay resulted from Lemos' own decision to introduce evidence against Fencl that proved prejudicial to Metropolitan. We see no indication of an improper purpose on this record.

The district court inferred improper purpose from its finding that the petition was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Because we find that Metropolitan's argument is not frivolous under Rule 11 and because we find no support in the record for an independent finding of improper purpose, we disagree with the district court's conclusion that the petition was filed for an improper purpose in violation of Rule 11.

### IV.

We express no opinion on whether Metropolitan's petition for removal was justified as a matter of law. Because we find that the petition was neither frivolous nor filed for an improper purpose, the decision of

the district court awarding sanctions against Metropolitan and its attorney is REVERSED.