945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jane BENSON, Plaintiff-Appellant,
v.
Stephen D. TULANIAN, Gary Dick, Defendants-Appellees.
 No. 90-16251.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jane Benson appeals pro se the district court's denial of Fed.R.Civ.P. 11 sanctions against a non-party attorney upon remand of the underlying RICO action to state court. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and affirm.
 
 
 3
 On March 21, 1990, Benson filed a RICO complaint against Gary Dick and Stephen Tulanian in California Superior Court. On April 23, 1990, Dick filed a petition for removal to the United States District Court. Benson then filed a motion to remand on the ground that defendant Tulanian had not been joined. On June 4, 1990, Tulanian filed a motion seeking to join the petition for removal. Benson filed a motion for Rule 11 sanctions against counsel for Dick and Tulanian. On August 3, 1990, the district court remanded the action to state court on the ground that Tulanian was joined after the thirty-day period for removal had expired under 28 U.S.C. § 1446(b). The district court also ordered that Benson recover her actual costs and expenses incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c). The district court, however, denied Benson's request for sanctions on the ground that the conduct of counsel in regard to the removal did not rise to the level of sanctionable conduct under Rule 11.
 
 
 4
 We review a district court's decision regarding Rule 11 sanctions for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990). Under Rule 11, sanctions may be imposed for: (1) frivolous filings and (2) filings for an improper purpose. Townsend v. Holman Consulting Corp., 914 F.2d 1136, 1140 (9th Cir.1990). Here, Benson has not shown that the purpose of the removal petition was personal or economic harassment. See Lemos v. Fencl, 828 F.2d 616, 618 (9th Cir.1987). Thus, we look to the frivolousness of the petition.
 
 
 5
 A district court remand of a case to state court is not reviewable by the court of appeals. 28 U.S.C. § 1447(d); Lemos, 828 F.2d at 617. Further, even a removal petition correctly dismissed on its merits will not necessarily warrant sanctions. Lemos, 828 F.2d at 618. A filing is frivolous if it is both baseless and made without a reasonable and competent inquiry. Townsend, 914 F.2d at 1140. The relevant inquiry is whether the proponent of a legal argument has an objectively good faith belief in its merit. Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1339, 1344 (9th Cir.1988).
 
 
 6
 Here, the initial petition for removal was timely filed, and there was no showing that it was not made in good faith. When notified of the deficiency in the complaint, counsel for Dick attempted to correct it by joining defendant Tulanian in the petition. Although the district court found that the attempt to join Tulanian did not cure the defective petition, there was no showing that this attempt was made in bad faith. Cf. Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 775 (9th Cir.1989) (second petition which presented same, previously rejected arguments was frivolous), cert. denied, 110 S.Ct. 3216 (1990); Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir.1986) (second petition which failed to join all defendants was frivolous). Further, Benson has been awarded all costs incurred as a result of removal. Thus, the district court did not abuse its discretion by denying Benson's motion for Rule 11 sanctions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although an order imposing sanctions against a party pursuant to Rule 11 is generally not appealable prior to entry of final judgment, an order imposing sanctions solely on a non-party attorney falls within the collateral order exception to the finality rule and is appealable immediately as a final order. Riverhead Sav. Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1113 (9th Cir.1990)