9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard A. LEVIN, Plaintiff-Appellee,
v.
Regent INT'L; J. Patrick McGuire, Defendants-Appellants.
 No. 92-16799.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J. Patrick McGuire, pro se, and Regent International (collectively "appellants") appeal the district court's order imposing sanctions on them pursuant to Fed.R.Civ.P. 11 for filing a frivolous and improper removal petition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, Lemos v. Fencl, 828 F.2d 616, 618 (9th Cir.1987), and affirm.
 
 
 3
 Appellants contend that the district court erred by imposing sanctions on J. Patrick McGuire because the attorney who represented Regent International is mentally incompetent. This contention lacks merit.
 
 
 4
 First, J. Patrick McGuire appeared pro se below. The district court imposed sanctions on him as a result of his own conduct and not the conduct of the attorney. He cannot now avoid sanctions by claiming the attorney was incompetent. Second, Regent International is bound by its choice of attorney and the attorney's actions. See Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) ("[t]rial courts generally do not intervene to save litigants from their choice of counsel"). If Regent International is entitled to a remedy as a result of faulty representation, that remedy is more properly sought in another forum.
 
 
 5
 The district court ordered appellants to pay $2,000.00 in sanctions. This was a substantial reduction from the amount requested by appellee and was not an abuse of discretion.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants do not otherwise challenge the district court's determination that their and the attorney's conduct violated Rule 11. Therefore, any arguments appellants might have raised on that issue are deemed waived. See Wood v. Ostrander, 879 F.2d 583, 586 n. 1 (9th Cir.1989), cert. denied, 498 U.S. 938 (1990)