LATHROP, SHEA & HENWOOD CO. v. INTERIOR CONST. & IMP. CO.

(Circuit Court, W. D. New York.   January 29, 1906.)

No. 113.

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

The complaint, in an action in a state court, stated a joint cause of action against two defendants, one a domestic, and the other a foreign, corporation. The latter, which was brought in by substituted service, made default, and a judgment was entered against it thereon. On a trial of the case against the domestic corporation, a judgment was rendered in its favor, from which plaintiff appealed. *Held* that, until final disposition of the appeal, it was not established that a separable controversy existed between plaintiff and the foreign corporation which entitled the latter to remove the cause.

[Ed. Note.—Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

On Motion to Remand to State Court.

Bushnell & Metcalf, for plaintiff.

C. Walter Artz, for defendant.

HAZEL, District Judge.   This is a motion to remand the action to the state court, growing out of a second petition by the Interior Construction & Improvement Company, a foreign corporation, for removal to this court. After the action was remanded in March, 1905, the defendant construction company applied to the state court for additional time to plead, and until the question of joint liability upon the contract alleged in the complaint should be determined. Said application being denied, the plaintiff, on September 27, 1905, entered judgment against the construction company by default for damages in the sum of $47,363.15. Meanwhile the issues raised by the answer of the Pittsburg, Shawmut & Northern Railroad Company, a domestic corporation, and codefendant, were sent by the state court to a referee to hear, try, and determine. On motion of the railroad company, the referee held that such defendant was not liable, and, as to it, dismissed the complaint for lack of sufficient evidence. From this decision the plaintiff has taken an appeal to the Supreme Court, Appellate Division, Fourth Department, which is now pending undetermined. The defendant construction company, appearing specially, has filed a second petition for removal to this court, contending that the railroad company is no longer party defendant, and that it is now clear that a separable cause of action exists which is removable to this court. But until the determination of the appeal by the codefendant in the absence of fraud or improper joinder of defendants for the purpose of interfering with or obstructing the construction company's right of removal, it is not thought that a separable controversy exists. See Lathrop, Shea & Henwood Co. v. Pittsburg, S. & N. R. Co. (C. C.) 135 Fed. 619.

It is true that the referee has decided that no cause of action was shown against the railroad company; and a separate judgment has been entered against the moving defendant on account of its default

in pleading, but still, as said, there is no final disposition of the controverted question. It was entirely within the province of the plaintiff to bring a joint cause of action against the defendants and faithfully prosecute the same to a final determination. In Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, which. was an action brought for partition of land, the court said:

"Separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

The defendant urges that the proceedings before the referee indisputably disclose an election by the plaintiff to solely proceed against this defendant. The statements by counsel for plaintiff before the referee, perhaps, are not entirely harmonious, but such statements do not alter the nature of the complaint nor the force and effect of the proceeding had in court. It is unnecessary to pass upon the validity of the substituted service of process upon the defendant construction company.

The motion to remand is granted, and the motion to at this time quash the service of process is denied. So ordered.