**KINCHELOE et al. v. HOPKINS et al.**

**No. 1804.**

District Court, N. D. Oklahoma.

July 29, 1933.

Speakman & Speakman, of Sapulpa, Okl., for plaintiffs.

R. D. Hudson, W. E. Hudson, and Sam S. Canterbury, all of Tulsa, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted in the district court of Tulsa county, Okl., for the recovery of damages for wrongful death. It was originally filed against the Hopkins Trucking Company, a firm composed of J. G. Hopkins and L. B. Hopkins, residents of the state of Oklahoma. By an amended petition, the Indian Territory Illuminating Oil Company, a Delaware corporation, was made a defendant. After issue had been joined, the cause came on for trial before the state district court. At the conclusion of the evidence, a demurrer was sustained in favor of the resident defendants, Hopkins Trucking Company. The trial proceeded to conclusion as to the defendant Indian Territory Illuminating Oil Company, and resulted in a mistrial. Plaintiffs filed their motion for a new trial within the statutory time, as against the order of the court sustaining the demurrer in favor of the resident defendants. Thereafter, plaintiffs requested another trial of the cause

as to the nonresident corporate defendant. Upon plaintiffs' requesting the clerk of the state district court to set for trial the issues between the plaintiffs and the nonresident defendant, the Indian Territory Illuminating Oil Company filed its petition for removal. Before the petition for removal was passed upon by the court, plaintiffs' motion for a new trial was overruled, at which time plaintiffs gave notice of their intention to appeal to the Supreme Court of Oklahoma to review the ruling of the court in overruling the motion. There is no controversy about the fact that plaintiffs intend to appeal to the Supreme Court from the order overruling their motion for a new trial, and from the order sustaining the demurrer of the resident defendant. After overruling plaintiffs' motion for a new trial, the state court entered the order of removal. Plaintiffs have interposed their motion to remand the cause to the state court. The theory upon which the nonresident defendant removed the cause to this court is that the act of the plaintiffs in asking that the cause be set for trial in the state court as against the Indian Territory Illuminating Oil Company constituted an election to pursue the nonresident defendant only, and was a voluntary discontinuance of plaintiffs' joint action against the nonresident and the resident defendants. The removing defendant further contends that the cause was not originally removable to the United States District Court, but that it became removable at the date of plaintiffs' election to pursue the action against the nonresident defendant. The question presented for determination is whether the action of plaintiffs in requesting a trial of the cause against the nonresident defendant only, after a demurrer had been sustained to the evidence as to the resident defendants, to which plaintiffs had objected, and from which order plaintiffs are appealing to the Supreme Court of the state, constitute a voluntary discontinuance of plaintiffs' cause against the resident defendants, and is an election to pursue the nonresident alone.

There can be no question but that a case may be removed from the state to a federal court at any stage of the proceeding in the state court when the cause becomes removable. Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673. It is equally well established that a joint cause of action against resident and nonresident defendants becomes removable as to the nonresident defendants only upon a voluntary dismissal or discontinuance by plaintiff as to the resident defendant, and that such voluntary action by the plaintiff has taken the resident defendant out of the case so as to leave a controversy wholly between the plaintiff and the nonresident defendant. However, the voluntary dismissal as to resident defendants is very different to a dismissal by the court; voluntary dismissal authorizes instant removal, while involuntary dismissal affords no such right. Powers v. Chesapeake & O. R. Co., supra; Great Northern R. Co. v. Alexander, 246 U. S. 281, 38 S. Ct. 237, 62 L. Ed. 713; Danforth v. Pure Oil Co. (D. C.) 20 F.(2d) 387; Ford v. Roxanna Petroleum Corporation (D. C.) 31 F.(2d) 765. The same rule obtains where a demurrer is sustained to the evidence because of insufficiency to warrant a verdict. American Car & Foundry Co. v. Agnes Kettelhake, 236 U. S. 311, 35 S. Ct. 355, 59 L. Ed. 596; Danforth v. Pure Oil Co., supra. This case comes squarely within the principles of law above set forth, as there has not been a voluntary dismissal or discontinuance by the plaintiffs as to the resident defendants. The nonliability of the resident defendants was ruled in invitum. However, the removing defendant herein asserts that the case became removable as to it as soon as the plaintiffs requested a trial between the plaintiffs and the nonresident defendant. It insists that the request for a trial constituted an election to pursue the nonresident defendant only, and was a discontinuance of the action against the resident defendants. I cannot agree with these contentions. The ruling of the court in sustaining the demurrer as to the resident defendants did not constitute a discontinuance of the plaintiffs' cause against the resident defendants. Plaintiffs, by appealing from the order, were doing everything within their power to pursue the resident defendants. They have not abandoned their cause of action against them, but on the contrary are pursuing rights afforded them at law to assert their cause of action against the resident defendants. Thus, there has not been a discontinuance or a dismissal of plaintiffs' case against the resident defendants. The requesting of a trial of the case against the nonresident defendant cannot have the effect of constituting a dismissal or discontinuance as to the resident defendants. The rule by which a dismissal or discontinuance as to the resident defendants is measured is that such voluntary action by the plaintiffs must have taken the resident defendants out of the case so as to leave a controversy wholly between the plaintiffs and the nonresident defendant. Plaintiffs' petition states a joint cause of action against resident and nonresident defend-

ants, and these same pleadings constitute and make up the issues between the plaintiffs and the defendants; they constitute the issues between the plaintiffs and the nonresident defendant, and a separate trial between the plaintiffs and the nonresident defendant will not result in a removal of the resident defendants from the case. The resident defendants are still parties to the action and will remain so until the cause is determined by the Supreme Court of the state, or future action is taken by the plaintiffs. It has been judicially determined that while an appeal from a judgment of dismissal as to a resident defendant is pending and undetermined, the dismissal does not establish the existence of a separable controversy between the plaintiff and the nonresident defendant. Lathrop, Shea & Henwood Co. v. Interior Const. & Imp. Co. (C. C.) 143 F. 687. The cited case does not have the element in it upon which the removing defendant relies in the instant case, to wit, voluntary action upon the part of the plaintiffs in requesting a trial against the nonresident defendant while the cause is on appeal to the Supreme Court as to the resident defendants. The voluntary action upon the part of a plaintiff, in a joint action against resident and nonresident defendants, necessary to make the cause removable as to the nonresident defendant, is action by the plaintiff with respect to the resident defendant. To make such a case removable, it is necessary for the plaintiff to voluntarily do some act with respect to the resident defendant as to take the resident defendant out of the case and to leave a controversy wholly between the plaintiff and the nonresident defendant. Voluntary action by the plaintiff with respect to the nonresident defendant cannot make separable a cause which is joint. In the instant case, plaintiffs have taken no voluntary action with respect to the resident defendants; they are pursuing their remedy against the resident defendants, and their action in attempting to pursue their remedy against the nonresident defendant cannot make the cause separable.

Another reason why the cause is not removable is that the removal of a case involving a separable controversy removes the entire cause to the federal court. It is impossible for the federal court to determine the questions involved in the appeal as to the resident defendants. This illustrates the necessity of voluntary action by a plaintiff in the dismissal or discontinuance as to a resident defendant, so as to leave the controversy wholly between the plaintiff and the nonresident defendant. In such a case, the entire controversy is before the federal court. However, in the instant case, the whole controversy is not between plaintiffs and the nonresident defendants, as the controversy between plaintiffs and the resident defendants is pending before the state Supreme Court. It may be well to consider the case relied upon by defendant in opposition to plaintiffs' motion to remand. Berry v. St. Louis & San Francisco Railway Co. (C. C.) 118 F. 911, 914, involved a case of a joint action against a resident and nonresident defendant. The resident defendant was not served with summons and had not entered an appearance. When the case was set for trial, the resident defendant had never been served, but the plaintiff announced ready to proceed against the nonresident defendant. Thereupon the nonresident defendant tendered its petition and bond for removal. It was held that the case was removable because the plaintiff had elected to pursue the defendants separately. The cited case was considered in Hane v. Mid-Continent Petroleum Corporation (D. C.) 47 F.(2d) 244, and it was asserted that when a plaintiff does some act, such as voluntarily dismissing the action as to a resident defendant, or works a severance of the controversy, it may be removed by the nonresident defendant. In my opinion, that is the effect of Berry v. St. Louis & San Francisco Railway Co., supra, and is the proper principle of law to govern such cases. However, in the instant case plaintiffs have not done anything to work a severance of the controversy; plaintiffs have done everything within their legal rights to pursue both defendants, and the severance, if any, has come about by an adverse ruling of the state court. There has been no conduct on the part of plaintiffs to work such a severance, and the cited case is not controlling in the instant case. The court, in its decision of Berry v. St. Louis & San Francisco Railway Co., supra, stated: "It is but a step further, and it seems a logical one, that if a plaintiff voluntarily abandons the joint character of his proceedings, and elects to pursue the only defendant who has been drawn within the jurisdiction of the court upon a liability which is either joint or several, at his election, there arises at the moment of the election such a change in the structure of the controversy as confines the inquiry to the citizenship of the parties then before the court."

It is to be seen that the forward step taken by the court in sustaining the nonresident's right to remove to the federal court in the cited case is based upon plaintiff voluntarily abandoning the joint character of his pro-

ceedings and electing to pursue the only defendant who has been drawn within the jurisdiction of the court. Such a situation is not present in the instant case; plaintiffs have not voluntarily abandoned the joint character of their proceedings, but the adverse ruling of the state court has made it necessary for them to proceed against the nonresident defendant, if any proceedings are to be had, pending the appeal as to the resident defendants. As there has not been a voluntary dismissal or discontinuance as to the resident defendant, and as the resident defendants are not out of the case, the cause is not removable as to the nonresident defendant, and the action of plaintiffs in requesting the setting of the cause for trial against the nonresident defendant does not constitute an abandonment of the joint character of their action.

The motion of plaintiffs to remand the cause to the state court will be sustained.