Diana WADE, Plaintiff,

v.

JOHNSON & JOHNSON and Ethicon, Inc., Defendants.

Sarah Ruth Allbritton, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Teresa Marie Anderson, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Kelli Gooch, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Joy L. Halliburton, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Inola Killsfirst, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Tammy McCaughtry, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Ilarae J. Page, Cheryl McClain, Plaintiffs,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Valerie Spears, Terrie Phelps and Bobbie Phelps, Plaintiffs,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Kathleen Teague, Plaintiff,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Michelle States and Johnnie Harper, Plaintiffs,

v.

Johnson & Johnson and Ethicon, Inc., Defendants.

Case Nos. CIV–14–691–L, CIV–14–692–L, CIV–14–693–L, CIV–14–694–L, CIV–14–696–L, CIV–14–697–L, CIV–14–698–L, CIV–14–699–L, CIV–14–700–L, CIV–14–701–L, CIV–14–702–L.

United States District Court, W.D. Oklahoma.

Signed Oct. 14, 2014.

David Paul Matthews, Julie L. Rhoades, Matthews & Associates, Houston, TX, Matthew J. Sill, Timothy M. Bunson, Sill Law Group, Edmond, OK, for Plaintiffs.

Amy Sherry Fischer, Andrew M. Bowman, Larry D. Ottaway, Foliart Huff Ottaway & Bottom, Oklahoma City, OK, for Defendants.

## *ORDER*

TIM LEONARD, District Judge.

This matter is before the court on the Motions to Remand filed by plaintiffs in each of the above-captioned cases. The defendant Johnson & Johnson has responded, objecting to remand in each case. No reply briefs were filed. Because the motions and responses are substantively identical, the court considers them together in this order.

The factual background section contained in each of the remand motions provides a procedural history of these cases with which the parties are familiar. Briefly stated, the cases involve numerous claims for damages arising from the implantation of defendants' polypropylene transvaginal mesh products to correct pelvic organ prolapse and/or stress urinary incontinence. Plaintiffs' claims include negligence; strict liability for design defect, manufacturing defect and failure to warn; breach of express and implied warranties; deceit by concealment; negligent misrepresentation; fraud and deceit; violations of the Oklahoma Consumer Protection and Deceptive Trade Practices Act; and liability for punitive damages.

Plaintiffs' cases were earlier removed August 9, 2013, and thereafter remanded by this court back to state court. *See* Order, Exhibit 2 to Plaintiffs' Motions to Remand. Defendants appealed this court's October 18, 2013 remand order to the United States Court of Appeals for the Tenth Circuit, which held that the remand was proper. *Parson, et al. v. Johnson & Johnson, et al.,* 749 F.3d 879 (10th Cir. 2014). Following the first remand, defen-

dants filed a Motion to Dismiss Non–Oklahoma Plaintiffs for Lack of Personal Jurisdiction and Alternatively New Jersey Plaintiffs Only for Forum Non Conveniens and Improper Joinder in the state court.[1] On July 2, 2014, the District Court of Pottawatomie County entered a written order memorializing its June 19, 2014 ruling from the bench. The written court order states:

1. Personal jurisdiction is lacking as to the non-Oklahoma Plaintiffs and the motion to dismiss the non-Oklahoma Plaintiffs is therefore granted, subject to the agreement by Defendants that the running of the statute of limitations in Plaintiffs' chosen alternate forum will be tolled from the time of the filing of this suit until the day this order is entered in this case. This Court will vacate the dismissal as to any Plaintiff where Defendants do not agree to toll the running of the statute of limitations as provided herein.

2. The joinder of all named Plaintiffs is proper and it therefore denies Defendants' motion to dismiss due to improper joinder.

July 2, 2014 Order, Exhibit 4 to Plaintiffs' Motions to Remand filed in each of the above-captioned cases.

Thereafter, the cases were again removed by defendants to this court. The Notices of Removal were filed on July 3, 2014 (Doc. No. 1 in each of the above-captioned cases) and state in paragraph 4 that: "The recent events in the District Court of Pottawatomie County and the ruling of that Court meet the requirement of the 'order or other paper' provision of 28 U.S.C. § 1446(b)(3), thus making this case removable at this time."

In the present motions, plaintiffs assert that this second removal was improvident for two reasons: (1) the state court order upon which the removal is based is not a final, appealable order, thus it does not provide a triggering event for removal; and (2) these removals violate the voluntary-involuntary rule.

In response, defendants argue that the state court order dismissing certain plaintiffs from the state court action is clearly an "other paper" contemplated by 28 U.S.C. § 1446(b) and that to have awaited a final judgment would render the removal untimely. Defendants further argue that the voluntary-involuntary rule does not apply to the factual situation in this case.

Federal courts are courts of limited jurisdiction and "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Defendants, as the parties seeking to invoke this court's jurisdiction, have the burden of establishing that the statutory requirements for such jurisdiction have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001). Diversity jurisdiction requires not only that the amount in controversy exceed $75,000.00, but also that each defendant be a citizen of a different state from each plaintiff. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

---

1. Plaintiffs' and defendants' current briefs discuss whether defendants' later filing of this post-remand motion to dismiss was consistent with the court's comment in the October 18, 2013 remand order that, "[i]f plaintiffs' claims are in fact improperly joined under Oklahoma Law, the proper course of conduct for defendants would have been to file a motion to sever in state court and then remove the diverse claims, if any." However, the court's focus at this point is properly on the propriety of this second removal; the earlier stray comment concerning what "would have been" will not be revisited.

Defendants assert that the state court order dismissing all non-diverse plaintiffs for lack of personal jurisdiction created complete diversity between each Oklahoma plaintiff and the New Jersey defendants, thus triggering this court's jurisdiction pursuant to 28 U.S.C. § 1446(b)(3). Paragraph (b)(3) provides:

A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Clearly, the statutory language itself does not require that the "order or other paper" be a final appealable order. The court will not read a term into the statute that does not exist. Courts have interpreted the "other paper" requirement broadly by focusing simply on whether the writing allowed defendants to ascertain that a case had become removable. *See Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1078 (10th Cir.1999) (majority of federal courts have not required receipt of actual written document; removal period begins to run when defendant is able to intelligently ascertain removability).

The removal statute does not require a final order and does not expressly exclude interlocutory orders from its scope. A defendant would often lose the right to remove if it waited until the court issued a final appealable order. To require a final, appealable order before removability may first be ascertained runs contrary to the language of the statute itself. The statute's language that a notice of removal may be filed within 30 days after receipt of, among other things, an order or other paper from which "it may first be ascertained that the case is one which is or has become removable[,]" is not consistent

with the requirement that the "order or other paper" be a final, appealable order. The court concludes that this case became removable when defendants received information that the non-diverse plaintiffs had been dismissed by the court, thus creating diversity jurisdiction. This information was gained when the state court judge issued his ruling from the bench on June 19, 2014, which was followed up by a written order dated July 2, 2014. Since the Notices of Removal were filed on July 3, 2014, within thirty days from either the date of the oral dismissal or the date of the written follow-up order, the removal satisfies the requirements of § 1446(b)(3) and was timely.

■ The court further finds that the voluntary-involuntary rule is not an impediment to removal in this case. Relying on *Kerchee v. Smith,* No. 11–459, 2012 WL 345375 at *4 (10th Cir. Jan. 13, 2012) (*citing Higgins v. DuPont de Nemours & Co.,* 863 F.2d 1162, 1166 (4th Cir.1988)), *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 71–72 (7th Cir.1992), *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d at 1078, and *Kincheloe v. Hopkins,* 4 F.Supp. 196, 197 (N.D.Okla.1933), plaintiffs briefly argue that this second re-removal is improper because the dismissal of the non-Oklahoma plaintiffs was involuntary on their part.

Plaintiffs also cite the following excerpt from *DeBry v. Transamerica Corp.,* 601 F.2d 480, 488 (10th Cir.1979) in support of application of the voluntary-involuntary rule to defeat removal jurisdiction in these cases:

The general effect of the [voluntary v. involuntary] test is that a cause cannot be removed where the removability is a result of some development other than a voluntary act of plaintiff. The cause cannot be removed as a result of evidence from the defendant or the result

of a court order rendered on the merits of the case.

Doc. No. 17, p. 7 (bracketed portion in original).

As noted by defendants, however, none of the cases cited by plaintiffs involve the dismissal of non-diverse *plaintiffs*. The voluntary-involuntary rule's significance appears to lie in the effect upon removability based on diversity which is caused by the involuntary dismissal of a defendant without the assent of the plaintiff. *See Higgins*, 863 F.2d at 1166 (action does not become removable through involuntary dismissal of non-diverse defendants because diversity could be destroyed if dismissal were overturned on appeal); *Poulos*, 959 F.2d at 71–72 (case which included non-diverse defendant removable only if plaintiff voluntarily dismissed the non-diverse defendant because involuntary dismissal may be only temporary) (citations omitted); *Kincheloe*, 4 F.Supp. at 197 (cause of action against resident and nonresident defendants becomes removable as to the nonresident defendants only upon a voluntary dismissal or discontinuance by plaintiff as to the resident defendant so as to leave controversy wholly between plaintiff and nonresident defendant). Plaintiffs have not cited a case applying the voluntary-involuntary rule to dismissal by the court of non-resident plaintiffs over which there is no personal jurisdiction.

The state court's order finding personal jurisdiction lacking as to the non-Oklahoma plaintiffs was not rendered on the merits of the case. Indeed, the state court judge's reference to the dismissal being granted "subject to the agreement by Defendants that the running of the statute of limitations in Plaintiffs' chosen alternate forum will be tolled" indicates that the court contemplated that these claims would be tried on the merits, albeit in an appropriate forum where personal jurisdiction was present. Here, the actual claims of all the plaintiffs remain intact and have not been modified or dismissed on the merits by the court. Additionally, the state court found that the joinder of all of the plaintiffs was proper. Application of the voluntary-involuntary rule is not implicated because the state court judge's order did not result in the dismissal of a non-diverse defendant and was not on the merits. The court finds that the voluntary-involuntary rule does not operate to prevent removal under the factual scenario presented in these cases.

Upon careful review, the court finds that defendant's removal of these cases was timely and appropriate. Therefore, the Motions to Remand should be and are **DENIED.**[2]

■ Defendants' Motions to Stay in each of the eleven cases are also substantively identical and are properly considered together in this order. It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for the litigants. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citation omitted). Because they

---

**2.** *Wade v. Johnson & Johnson, et al.*, CIV–14–691–L [Doc. No. 15]; *Allbritton v. Johnson & Johnson, et al.*, CIV–14–692–L [Doc. No. 17]; *Anderson v. Johnson & Johnson, et al.*, CIV–14–693–L [Doc. No. 15]; *Gooch v. Johnson & Johnson, et al.*, CIV–14–694–L [Doc. No. 17]; *Halliburton v. Johnson & Johnson, et al.*, CIV–14–696–L [Doc. No. 15]; *Killsfirst v. Johnson & Johnson, et al.*, CIV–14–697 [Doc. No. 16]; *McCaughtry v. Johnson & Johnson, et al.*, CIV–14–698–L [Doc. No. 16]; *Page, et al. v. Johnson & Johnson, et al.*, CIV–14–699–L [Doc. No. 15]; *Spears, et al. v. Johnson & Johnson, et al.*, CIV–14–700–L [Doc. No. 16]; *Teague v. Johnson & Johnson, et al.*, CIV–14–701–L [Doc. No. 15]; *States, et al. v. Johnson & Johnson, et al.*, CIV–14–702–L [Doc. No. 15].

**1252**

have merit in light of the court's denial of remand, these motions will also be granted. Accordingly, Defendants' Motions to Stay Case filed in the above-captioned cases should be and are hereby **GRANTED.**[3] Therefore, the above-captioned cases are administratively closed and all proceedings in these cases are **STAYED** pending transfer of the cases to MDL No. 2327, *In re Ethicon, Inc., Pelvic Repair Systems Products Liability Litigation,* pending in the Southern District of West Virginia.

**3.** *Wade v. Johnson & Johnson, et al.,* CIV–14–691–L [Doc. No. 7]; *Allbritton v. Johnson & Johnson, et al.,* CIV–14–692–L [Doc. No. 10]; *Anderson v. Johnson & Johnson, et al.,* CIV–14–693–L [Doc. No. 7]; *Gooch v. Johnson & Johnson, et al.,* CIV–14–694–L [Doc. No. 11]; *Halliburton v. Johnson & Johnson, et al.,* CIV–14–696–L [Doc. No. 9]; *Killsfirst v. Johnson & Johnson, et al.,* CIV–14–697 [Doc. No. 9]; *McCaughtry v. Johnson & Johnson, et al.,* CIV–14–698–L [Doc. No. 10]; *Page, et al. v. Johnson & Johnson, et al.,* CIV–14–699–L [Doc. No. 8]; *Spears, et al. v. Johnson & Johnson, et al.,* CIV–14–700–L [Doc. No. 10]; *Teague v. Johnson & Johnson, et al.,* CIV–14–701–L [Doc. No. 8]; *States, et al. v. Johnson & Johnson, et al.,* CIV–14–702–L [Doc. No. 9].